UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HENRY JONES,
Prisoner Identification No. 401-190,

    Petitioner,

v.

MARYLAND PAROLE COMMISSION,

    Respondent.

Civil Action No. TDC-14-2186

## MEMORANDUM OPINION

On July 3, 2014, Petitioner Henry Jones, currently confined at Roxbury Correctional Institution in Hagerstown, Maryland, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On July 30, 2014, Jones supplemented his initial filing with additional factual allegations. ECF No. 3. In those filings, Jones alleges that prison officials have miscalculated his maximum release date following his May 28, 2014 parole revocation. ECF Nos. 1 and 3. On August 27, 2014, Respondent Maryland Parole Commission ("the Commission") answered the petition. ECF No. 7. The Commission argues that the petition should be dismissed because Jones failed to exhaust his state remedies and, in the alternative, that Jones's release date was properly calculated. Because Jones has not exhausted his state remedies, the petition is DENIED.

## BACKGROUND

On February 9, 2012, the Circuit Court for Baltimore City, Maryland sentenced Jones to serve three concurrent four-year sentences in the Division of Correction ("DOC") following his convictions for possession of a firearm, resisting arrest, and conspiracy to distribute cocaine.

Ans., Ex. 1, ECF No. 7-1 (commitment records). That same day, the Circuit Court also imposed a sentence of three years, 11 months, and 29 days for possession of heroin, to run concurrently to the sentences on the firearms, resisting arrest, and conspiracy counts. *Id.* These sentences commenced on February 27, 2011 and accordingly had a maximum expiration date of February 27, 2015. *Id. See* Md. Code Ann., Corr. Servs. § 3-701(2)(i) (West 2014) (defining "term of confinement" as "[t]he period from the first day of the sentence that begins first through the last day of the sentence that ends last, for . . . concurrent sentences"); Code of Maryland Regulations ("COMAR") 12.02.06.01(B)(12) (defining "maximum expiration date" as "the date that an inmate's term of confinement expires").

On July 9, 2013, Jones was released from DOC through the application of 598 diminution of confinement credits and placed on mandatory supervision. Ans., Ex. 2, ECF No. 7-2 (mandatory supervision release certificate); Md. Code Ann., Corr. Servs. § 7-501(a)(3).[1] On October 26, 2013, while still under mandatory supervision, Jones was arrested by Baltimore City police and charged with second-degree assault and indecent exposure. Ans., Ex. 5, ECF No. 7-5 (docket entries for the Circuit Court for Baltimore City, Case No. 814021009). On October 28, 2013, Jones was released on bail. *Id.* On April 3, 2014, Jones pleaded guilty to indecent exposure, in full satisfaction of the charges, and was sentenced to time served. Ans., Ex. 5.

Meanwhile, on October 29, 2013, as a result of the assault and indecent exposure charges, the Commission issued a warrant for Jones. Ans. at 2, *see* Ans., Ex. 3, ECF No. 7-3 (sentence calculation worksheet, line 5). On May 8, 2014, Jones was returned to DOC custody on the basis of the October 29, 2013 warrant. Ans., Ex. 3. At a hearing on May 28, 2014, a parole

---

[1] In Maryland, inmates can earn diminution of confinement credits for good behavior, work performed, classes taken, or participation in special projects. *See* Md. Code Ann., Corr. Servs. §§ 3-704 – 707. Jones's release certificate does not indicate which kinds of diminution credits he earned.

commissioner revoked Jones's parole. The commissioner found that, as a result of the April 3, 2014 conviction, Jones had violated his conditions of release, which required that he "obey all laws." Ans., Ex. 4, ECF No. 7-4 (written decision of Parole Commission); Ans., Ex. 2, at 2 (listing conditions of mandatory supervision release).

As a result of these charges and the parole revocation, the commissioner recalculated Jones's maximum expiration date. Jones was released on mandatory supervision for a total of 323 days (July 9, 2013 to May 28, 2014). The commissioner credited Jones for the period from his release until the date he committed indecent exposure, a period of 99 days from July 19 to October 26, 2013. See Ans., Ex. 2 and Ex. 4; COMAR 12.08.01.22(F)(7)(c), (e) (explaining that a commissioner has "absolute discretion" to "credit against the original sentence ... all or a portion of a period between release and revocation"). The commissioner also credited Jones 20 days for the period from his return to custody on May 8, 2014 to the date of the revocation hearing on May 28, 2014. See COMAR 12.08.01.22(F)(7)(g) (providing that "time spent incarcerated following the issuance of a parole revocation warrant shall be awarded and credited by the Division of Correction"). The commissioner thus credited Jones a total of 119 days.[2] That credit left Jones with a balance of 204 days during which he was out of prison but which were not credited to his term of confinement. The commissioner therefore advanced Jones's maximum expiration date by 204 days, changing it from February 27, 2015 to September 19, 2015. See Ans., Ex. 3. The commissioner also rescinded 150 of Jones's 598 diminution credits pursuant to Md. Code Ann., Corr. Servs. § 7-504(b). Ans., Ex. 4.

---

[2] Although the Mandatory Supervision Release Certificate indicates that Jones was released to supervision on July 9, 2013, the commissioner listed his release date as July 19, 2013. Ans., Exs. 2-4. If the commissioner erroneously listed Jones's release date as July 19, 2013 instead of July 9, 2013, Jones would be entitled to 129 days' credit instead of 119.

On July 3, 2014, Jones filed the instant petition for a writ of habeas corpus contending that, based on his diminution of confinement credits, he should have been released from custody on May 8, 2014 and that he was entitled to but had not received a recalculation of his release date. Pet. at 1, ECF No. 1. On August 27, 2014, the Commission answered Jones's petition. ECF No. 7. The Commission opposed the petition on two grounds: (1) that Jones had failed to exhaust his state remedies, and (2) that his release date had been properly calculated.

**DISCUSSION**

**I.      Jones's Pending Petition for Writ of Habeas Corpus**

To be entitled to federal habeas corpus relief under 28 U.S.C. § 2241, Jones must raise a federal constitutional claim regarding the calculation of his state prison sentence. *See* 28 U.S.C. § 2241(c)(3) (2012) (§ 2241 writ may issue when petitioner is "in custody in violation of the Constitution or laws ... of the United States."). Sentence calculation disputes relating to state prison sentences present a federal question only if they involve a violation of state law that amounts to a "fundamental defect which inherently results in a complete miscarriage of justice" or "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Disputes over diminution credits generally do not rise to this level. Such disputes usually involve disagreements over the interpretation of state statutes, and if a claim "rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *McCray v. Rosenblatt*, No. 94-6097, 1994 WL 320212 at *1 (4th Cir. July 6, 1994) (per curiam)

(unpublished) (holding that in challenging Maryland's recalculation of credits toward his state prison sentence, plaintiff had alleged only "a violation of state, not federal, law"). It is therefore likely, although not certain, that Jones's petition does not present a federal question.

However, the Court need not make such a determination. Even assuming that Jones has presented a federal question, his claim cannot yet be heard in federal court because he has failed to exhaust his state remedies. *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (holding that when a state prisoner seeking habeas relief pursuant to § 2241, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief because a federal habeas petition "is the avenue of last resort") (internal quotation marks and citations omitted); *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973) (explaining that petitioner was entitled to raise his § 2241 claim because, in part, he had "exhausted all available state remedies").

Here, Jones has state remedies he must pursue before he can be heard in federal court. Specifically, he must pursue a writ of habeas corpus in the Maryland Circuit Court before pursuing one in federal court.[3] *See Md. House of Corr. v. Fields*, 703 A.2d 167, 175 (1997) (explaining that a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus), *abrogated on*

---

[3] The Commission asserts that Jones must also exhaust the remedies available through the Inmate Grievance Office ("IGO"). *See* Response at 5-7. The Commission appears to be incorrect. In *Fraction v. Secretary, Department of Public Safety & Correctional Services*, 947 A.2d 614 (Md. Ct. Spec. App. 2008), the Maryland Court of Special Appeals held that the IGO was not the proper vehicle for inmates wishing to challenge a rescission of their diminution credits. *Id.* at 620-21. Noting that the jurisdiction of the IGO is limited to complaints made against officials or employees of DOC, and that the Commission, which is not part of the DOC, has sole statutory authority to revoke diminution credits, the court concluded that the IGO lacked jurisdiction to hear an inmate's challenge to the Commission's decision to rescind diminution credits. *Id.*

*other grounds by Moats v. Scott*, 781 A.2d 462 (Md. 2000). If he is denied the writ by the circuit court, he must then appeal that decision to the Maryland Court of Special Appeals. *See Jones v. Filbert*, 843 A.2d 908, 913-15 (Md. Ct. Spec. App. 2004) (considering appeal from decision on petition for writ of habeas corpus relating to failure to credit diminution of confinement credits); *Stouffer v. Staton*, 833 A.2d 33, 35 (Md. Ct. Spec. App. 2003) (same). If he is denied relief by that court, he must then file a petition for a writ of certiorari with the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623, 625-26 (Md. 2005) (granting writ of certiorari and considering claim relating to recalculation of diminution of confinement credits). Jones does not contend and the record does not show that he has exhausted these state court options. Because Jones may still find relief in the state courts, consideration of his claim by this Court is premature. Jones's petition is therefore denied.

Because the Court denies Jones's petition on procedural grounds, it need not, so does not, consider the Commission's alternative argument that Jones's release date was properly calculated.

## II.     Jones's Right to Appeal This Court's Denial of His Petition

Jones has no absolute entitlement to appeal a district court's denial of his habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (explaining that there is no appeal as of right of a denial of "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To appeal this Court's denial of his petition, Jones must therefore obtain a Certificate of Appealability ("COA"). When, as here, a district court dismisses a habeas petition solely on procedural grounds, a petitioner must demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling'" in order to be entitled to a COA. *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citing *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Jones has made no such showing here, and therefore this Court will not issue a COA.

Although this Court declines to issue a COA, Jones may still seek a COA from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (explaining that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

## CONCLUSION

For the foregoing reasons, Jones's petition for a writ of habeas corpus is denied and a COA shall not be issued. The Clerk is accordingly directed to close this case. A separate Order follows.

Date: November 26, 2014

THEODORE D. CHUANG
United States District Judge